UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                                                         Case No.  8:10-cr-188-T-30MAP

**HECTOR DANIEL CAMEJO DE LA FLOR,**
**CARLOS MARTINEZ DE LA FLOR, and**
**ALEXIS ALBERTO VILTRES RAMOS ,**

_____

## ORDER

This cause came on for consideration without oral argument upon Defendant Carlos Martinez De La Flor's Motion to Dismiss Conspiracy to Kidnap and Kidnapping Charges (Dkt. 30) and the United States of America's Response in Opposition of same (Dkt. 32).  The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

On May 5, 2010, the Grand Jury indicted Defendant Carlos Martinez De La Flor ("Defendant") and two co-defendants on the following three charges - Conspiracy to Kidnap in violation of Title 18 U.S.C. §1201(c), Kidnapping in violation of Title 18 U.S.C. §1201(a)(1) and (2), and Extortion by Interstate Communications in violation of Title 18 U.S.C. §875(b) and 2.

The conspiracy to kidnap and kidnapping charges stem from an alleged alien smuggling incident where Defendant, who is a Cuban national living in Mexico, was

allegedly involved in smuggling Armando Ismael Victores-Martinez ("Victores") from Cuba to the United States. According to the Indictment, the conspiracy centered on smuggling Victores from Cuba to Mexico, and then eventually to the United States, where Victores had family. After Victores was transported from Cuba to Mexico, Victores was allegedly detained until payment was received from his relatives in Tampa, Florida. Phone calls were made from Mexico to Victores' father in the United States, demanding the payment of a ransom in exchange for Victores' release. After payment was allegedly received in Tampa by a co-defendant, Victores traveled to the United States and was reunited with his father in the Tampa area, within the Middle District of Florida.

Defendant now moves to dismiss the kidnapping and conspiracy to kidnap charges, arguing that 18 U.S.C. §1201 (the "federal kidnapping statute") does not grant extraterritorial jurisdiction to the United States to prosecute crimes allegedly committed outside the United States by Cuban nationals against other Cuban nationals.

The United States argues, in part, that the 2006 amendment to the federal kidnapping statute extends jurisdiction to the United States under the facts of this case, i.e., when a defendant "travels in or uses any means, facility or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. §1201 (a)(1). Thus, the United States contends that the indictment properly invokes the federal kidnapping statute without requiring an extraterritorial application of the statute. The Court agrees.

The federal kidnapping statute, as amended in 2006, defines kidnapping as:

> Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person ... when-(1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, *or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense*.

18 U.S.C. §1201 (a)(1) (emphasis added). Here, according to the Indictment, Defendant demanded a ransom from the victim's father, via several telephone calls from Mexico to the Tampa area, and one of the defendants collected the ransom from the father in the Tampa area. Also, the father's payment of the ransom to a co-defendant caused the kidnapped victim to then be transported from Mexico to the Tampa area. Thus, not only did a portion of the crime allegedly occur in Tampa, but, under the 2006 amendment to the federal kidnapping statute, Defendant allegedly used an "instrumentality of interstate or foreign commerce" in furtherance of the commission of the offense via the telephone calls placed to the Tampa area. *See U.S. v. Augustin*, 2010 WL 2639966, *4 (E.D. Tenn. June 28, 2010) (discussing the constitutionality of the 2006 amendment to the federal kidnapping statute and noting that the jurisdictional element is satisfied by limiting federal kidnappings to those which either involve the victim's or the offender's travel across state lines or where instrumentalities of interstate commerce are used in the commission of or in furtherance of the offense); *U.S. v. Ochoa*, 2009 WL 3878520 (D.N.M. Nov. 12, 2009) (same).

Accordingly, the federal kidnapping statute's application to the facts of this case is not extraterritorial and Defendant Carlos Martinez De La Flor's Motion to Dismiss Conspiracy to Kidnap and Kidnapping Charges (Dkt. 30) must be denied.

**DONE** and **ORDERED** in Tampa, Florida on August 23, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2010\10-cr-188mtdismissFINAL.wpd